The opinion of the Court was delivered by
Bermudez, C. J.
The issues presented in this controversy relate : first, to tlie existence and rank of a claim for $4,890, placed by the administrator in his own favor, on his account; and second, to the validity of a claim on a draft of the deceased for $747.
The account proposes to distribute $5,187.71, by allowing $2,431.04 to privileged creditors; by applying the balance, $2,756.67, to himself as mortgage creditor for $4,890, leaving a deficit of $10,036.53. The ordinary creditors, whoso claims aggregate $8,903.20, receiving nothing. In other words the account shows as realized assets $5,187.71, and classified liabilities amounting to $15,224.24, leaving a deficit of $10,036.53.
Oppositions were made by creditors to many items placed on the account, particularly to that in iavor of the administrator, charging *917 first, want of consideration as to the notes, and simulation against the mortgage given to secure them eventually; and second, undue preference by the deceased in favor of the mortgage creditor.
The administrator excepted to the last opposition, on the ground' that the action to annul the mortgage must be brought directly, and that it is prescribed by one and three years.
The District Court sustained the opposition, so as to rank among the ordinary claims mauy items to which a privilege had been granted, but recognized the mortgage claim to the extent of $2,058.33, striking a balance of $1,027.99, for distribution among the ordinary creditors, the total of whose claims had been increased.
From the judgment thus rendered, the opponents have appealed.
The notes held by the administrator are three in number. One dated Plaquemine, June 15th, 1872, for $2,500; another dated Bayou G-oula; November 17th, 1873, and a last one dated Plaquemine, May 19th, 1874. They were all past due on the 24th of August, 1874, when Coughlin gave a mortgage to secure them. Five days afterwards, Coughlin died by falling into the river in Iberville Parish.
The only evidence introduced by Beyris, who is the administrator, claiming to be a mortgage creditor, consists of the notes, the act of mortgage and his own testimony. After the filing of the opposition to his claim, Beyris admitted that the note of $2,500 had been paid by Coughlin, and so declared on the stand, where he merely testified, in addition to the date and signature of the notes, adding: “ The small note was for staves sold to him (Coughlin) in 1874, and the other note was for money I loaned him in 1873.”
It is established bj'the evidence adduced, that Coughlin, who was thoroughly insolvent and- under the pursuit of his creditors, was anxious to cover his property by a mortgage to secure, not his wife, with whom he did not appear to be on very friendly terms, but his children, for whom he evidently felt great uneasiness. But it is not shown that there existed any clandestine understanding between him and Beyris. The circumstances of the insolvency and of the desire of Coughlin to provide for Lis children are, however, calculated to cast strong suspicion on the claim urged by Beyris. We attach no import tanee to the charges made against the notes, as written on the same kind of paper, with the same ink, though purporting to have been executed at different places and at different dates. But it does appear very strange that the payment of those matured notes was secured by mortgage by Coughlin, without his obtaining, as a consideration for the mortgage, an extension or stay for temporary relief.
' Insolvent successions are regarded by law in many instances as insolvencies, and the rules applicable to the settlement of the latter are *918 sometimes enforced as to the former we think properly, particularly in the cases of a concursus. R. C. C. 1224-1226.
In the Succession of Warren, 4 An. 451, the Court, Slidell, J., said:
“As the Succession of Warren is insolvent, and as the consideration of the notes of the deceased held by the appellants, and the genuineness and bonafides of their claim were expressly put at issue, it was necessary for the appellants to produce some evidence beyond the mere notes themselves. In Sabatier vs. Creditors, 6 Mart. N. S., 585, it was held, that in a contest between the creditors oí an insolvent, the notes or obligations do not make in themselves conclusive proof of debts apparently due to them. They must be supported by such additional evidence as will satisfy the mind of the Judge of the fairness and justness of the claim. We are not aware that the opinion in that case has been questioned and no argument has been adduced by the appellants against its correctness.” See also, 16 An. 178; 3 M. N. S. 256 ; 2 R. 219; 15 An. 87.
The administrator has failed to substantiate his claim. Ilis own testimony is of the weakest character, H. D. 487, 508, 698, and is unsatisfactory.
This view of the case renders it unnecessary to pass upon the second cause of opposition, relative to the undue preference charged to have been given in failing circumstances.
As concerns the claim on the draft, we will only remark that as the opposition did not oppose payment of it, on the ground that notice of protest had not been given, the District Judge did not err in allowing the amount of it.
It is, therefore, ordered, adjudged and decreed, that the judgment apppealed from be amended by striking therefrom the allowance of twenty-six hundred and fifty-eight dollars and thirty-three cents ($2,658.33) to Bertrand Beyris, as a creditor with mortgage, and by adding said sum to the one thousand and twenty-seven dollars and ninety-nine cents ($1,027.99) forming an aggregate of thirty-six hundred and eiglity-six dollars and thirty-two cents ($3,686.32) to be distributed among the ordinary creditors of the deceased ás recognized by the account. It is further ordered, that what rights Beyris may have and which he has failed to establish, be reserved to him, the judgment herein being intended merely as a non-suit.
It is further ordered and decreed, that thus amended, said judgment be affirmed at the costs of Bertrand Beyris, individually, in both Courts.
Rehearing refused.